■ TERRY M. BENJAMIN, Respondent, v. ERNEST BENJAMIN, Appellant.— Motion for leave to prosecute appeal as a poor person granted and Seymour A. Kesten, Esq., is assigned as counsel for appellant. Stay granted, upon condition that the appeal be perfected, and note of issue be filed and record and brief be served and filed on or before November 18, 1960 and the case be ready for argument at the present term of this court during the week commencing November 28, 1960.

■ (A) In the Matter of the Claim of HELEN RICHMAN, Appellant, v. CHIT CHAT LUNCHEONETTE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (B) In the Matter of the Claim of JOSEPH TRUPIANO, Appellant, v. PARAMOUNT MACARONI MANUFACTURING CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (C) In the Matter of the Claim of RAFAEL KANTER, Appellant, v. A. RUDERMAN CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (D) In the Matter of the Claim of JOHN H. JOHNSON, Appellant, v. FAMOUS MERCHANDISE CO., INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. (E) In the Matter of the Claim of RAFAEL DE LACRUZ, Claimant, and ABRAHAM SHER, Appellant, v. MONTEFIORE HOSPITAL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (F) LILLIAN MEAD, Respondent, v. SUSAN A. BARRE et al., Appellants. (G) JENNIE HAMBLIN et al., Appellants, v. W. T. GRANT COMPANY, Respondent. (H) GERALD ST. LOUIS, Appellant, v. MALCOLM ROCK, Respondent.— [In each action] Motion to dismiss appeal granted, by default, without costs.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR H. GIFFORD, Appellant.— Appeal from an order of the County Court of Warren County which denied defendant's motion in the nature of a writ of error *coram nobis* addressed to his conviction of assault in the second degree. Defendant (1) attacks the sufficiency of the indictment, (2) claims error in the charge and (3) finally asserts that a prior conviction which became erroneous as to sentence (when a conviction preceding that was vacated) in some way vitiates his latest conviction and sentence as a multiple offender or entitles him to some amelioration thereof. Upon the papers before us on this appeal these contentions appear groundless. In any event, each supposed defect appears upon the face of the record and, therefore, none affords a basis for *coram nobis*. (*People* v. *Sullivan*, 3 N Y 2d 196; and as to supposed defective indictment see *People* v. *Fortson*, 7 A D 2d 139, citing *People* v. *Eastman*, 306 N. Y. 658.) It seems not amiss to remark that defendant's conviction was affirmed in this court and aspects of his case were also considered on another appeal. (*People* v. *Gifford*, 2 A D 2d 634; *People* v. *Gifford*, 7 A D 2d 787.) Further, defendant's third contention, above indicated, has been expressly determined adversely to him by this court on one occasion and inferentially on at least one other. (*People* v. *Gifford*, 2 A D 2d 642; *People* v. *Gifford*, 8 A D 2d 909; and see *People* v. *Kowalsky*, 2 A D 2d 938, affd. 2 N Y 2d 949.) Order affirmed. Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur.

■ In the Matter of the Claim of SONIA FARBER, Respondent, v. HARBOR SHOES COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellants appeal from an award in a heart case which established accident and death resulting therefrom. The decedent, who had been suffering from a pre-existing heart condition, was a shoe salesman working for the employer herein. On February 1, 1957, there was a heavy snowstorm as the result of which business was very slow and the decedent, together with others, spent most of the day shifting shoe boxes to various locations. His wife testified when he arrived home that evening he was ashen white, complained of pains in his chest, and he told her of the unusual work he had been doing at the store on